J-S02037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CARRIE BAILEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOSPITAL OF THE UNIVERSITY OF | : | No. 1481 EDA 2020 |
| PENNSYLVANIA | : | |

Appeal from the Order Entered June 25, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 191103241

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

CONCURRING AND DISSENTING MEMORANDUM BY NICHOLS, J.:

**FILED OCTOBER 26, 2021**

I concur with the majority's disposition of Appellant's Section 317 claim. I respectfully dissent from the majority's affirmance of Appellant's remaining claims, as Appellant has, in my belief, adequately pled the necessary elements needed to withstand a motion for judgment on the pleadings.  I briefly explain my reasons.

In my view, Appellant has sufficiently pled a cause of action for negligence, including a duty.  I believe the trial court, before granting Hospital's motion for judgment on the pleadings, should have resolved whether Pennsylvania recognized a common law duty to protect patients' confidential health information.  *See generally Charlie v. Erie Ins. Exch.*, 100 A.3d 244, 250 (Pa. Super. 2014); *Haddad v. Gopal*, 787 A.2d 975 (Pa.

Super. 2001); *cf. Byrne v. Avery Ctr. for Obstetrics & Gynecology, P.C.*, 102 A.3d 32 (Conn. 2014) (cited by Appellant). The trial court should have also resolved, if necessary, whether such a duty was preempted. *See generally PPL Elec. Utils. Corp. v. City of Lancaster*, 214 A.3d 639 (Pa. 2019); *Dooner v. DiDonato*, 971 A.2d 1187 (Pa. 2009). Similarly, in my view, Appellant did not waive her argument addressing common law negligent hiring and, in fact, pled the required elements. *See Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 39-40 (Pa. Super. 2000). Accordingly, I respectfully concur in part and dissent in part.